UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERTO GARCIA GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>LAURA HERMOSILLO, et al.,<br><br>Respondent. | Case No. 2:26-cv-00210-TMC<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES |

## I. INTRODUCTION

Petitioner Roberto Garcia Gomez obtained habeas relief when this Court held he had been subject to unlawful mandatory detention. Dkt. 7. He now moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. 9. In response, Federal Respondents have stated that "without admitting that Federal Respondents acted without substantial justification . . . Respondents do not oppose Petitioner's request for an award of attorneys' fees in an amount determined to be appropriate by the Court but not to exceed the amount requested by Petitioner in his motion ($1,835.06)." Dkt. 10 at 1. For the reasons explained below, the Court awards fees and costs of $1,835.06.

## II. LEGAL STANDARD

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). "For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

Under Federal Rule of Civil Procedure 54(d)(2)(C), when ruling on a motion for attorney's fees, the Court "must find the facts and state its conclusions of law as provided in Rule 52(a)," meaning "the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1), 54(d)(2)(C). Here, the relevant facts are undisputed considering Federal Respondents' decision not to oppose the award of fees.

## III. CONCLUSIONS OF LAW

1. Based on the motion and supporting exhibits of Petitioner, and Federal Respondents' lack of opposition, the Court finds that Petitioner is entitled to attorney's fees under the EAJA.
2. The hours incurred by Petitioner's counsel as reasonable. *See* Dkt. 9-2.
3. The Court therefore awards Petitioner $1,835.06 in attorney's fees.

## IV. CONCLUSION

The motion for attorney's fees (Dkt. 9) is GRANTED. Petitioner is awarded attorney's fees under the EAJA in the amount of $1,835.06. The judgment is hereby amended to include

this award in favor of Petitioner. *See* Fed. R. Civ. P. 58(a)(3) (separate document not required for an order disposing of a motion for attorney's fees).

Dated this 11th day of August, 2026.

Tiffany M. Cartwright
United States District Judge